Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Watts;<br><br>    Plaintiff,<br><br>v.<br><br>Capio Partners, LLC;<br>and CF Medical LLC;<br><br>    Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

### I.  Preliminary Statement

1.   Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA").   Plaintiff seeks an award of statutory damages, actual damages, court costs and attorney's fees.

## II.   Statutory Structure of FDCPA

2.   Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3.   The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4.   The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5.   The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6.   The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce

or the mails in any business the principal purpose
of which is the collection  of any debts, or who
regularly collects or attempts to collect, directly
or indirectly, debts owed or due or asserted to be
owed or due to another.  FDCPA § 1692a(6).

7.   Any debt collector who fails to comply with the
provisions of the FDCPA is liable for any actual
damage sustained; statutory damages up to $1,000;
attorney's fees as determined by the Court and costs
of the action. FDCPA § 1692k.

## III.   JURISDICTION

8.   Jurisdiction of this Court, over this action and the
parties herein, arises under 15 U.S.C. § 1692k(d)
(FDCPA), and 28 U.S.C. §§ 1331.  Venue lies in the
Phoenix Division of the District of Arizona as
Plaintiff's claims arose from acts of the Defendants
perpetrated therein.

## IV.   PARTIES

9.   Plaintiff is an individual residing in Pinal County,
Arizona.

10.  Plaintiff is allegedly obligated to pay a consumer
debt and is a "consumer" as that term is defined by
FDCPA § 1692a(3).

11.  Defendant Capio Partners, LLC is a Texas limited
liability company doing business within the state of

1    Arizona as a collection agency.

2    12. Capio is licensed as a collection agency by the

3    Arizona Department of Financial Institutions,

4    license number 0910351.

5    13. Capio collects or attempts to collect debts owed or

6    asserted to be owed or due another.

7    14. In the alternative, Capio collects or attempts to

8    collect debts it has purchased or acquired after

9    default.

10    15. Capio is a "debt collector" as that term is defined

11    by FDCPA § 1692a(6).

12    16. Defendant CF Medical LLC ("CF") is a Nevada limited

13    liability company doing business within the state of

14    Arizona.

15    17. CF collects or attempts to collect debts owed or

16    asserted to be owed or due another.

17    18. In the alternative, CF collects or attempts to

18    collect debts it has purchased or acquired after

19    default.

20    19. CF is a "debt collector" as that term is defined by

21    FDCPA § 1692a(6).

22    20. At all times relevant herein, Capio was acting on

23    behalf of, and as agent for CF.

24    21. At all times relevant herein, CF is liable for

25    Capio's actions taken in violation of the FDCPA.

- 4 -

**V.   FACTUAL ALLEGATIONS**

22. On or about February 1, 2002, Plaintiff incurred a medical debt with Paradise Valley Hospital ("PVH") which was supposed to be covered by insurance.

23. Unbeknownst to Plaintiff, either PVH failed to submit the claim to insurance, or insurance failed to pay the debt.

24. Sometime later, the PVH debt was allegedly sold to CF for collection purposes.

25. CF then hired or assigned the PVH debt to Capio for collection purposes.

26. On September 2, 2010, Capio mailed Plaintiff a letter in an attempt to collect the PVH debt.  (A copy of the letter is attached hereto as Exhibit A).

27. The Capio letter states that the date of service was February 1, 2002.

28. Plaintiff never made a payment on the PVH debt, which would have defaulted shortly after February 1, 2002.

29. The Capio letter, Exhibit A, also states:

> **WHAT HAPPENS IF YOU DO NOT PAY OR DISPUTE THE ACCOUNT?**
> Your credit is one of your most valuable assets. A good credit reputation is necessary to obtain credit at the best interest rate. <u>If you do not pay this account within 40 days from the date of this letter</u> or dispute the validity of this account as described on the back of this letter, <u>a negative credit report</u>

<u>may be made in your name with one or more</u>
<u>credit reporting agencies</u>. Remember, Capio
Partners has control of this account and the
credit reporting responsibility, so you must
call or pay directly to us.

(emphasis added).

30. Under the Fair Credit Reporting Act, a debt that has been delinquent for more than seven and one-half years cannot be reported on a consumer's credit report. 15 U.S.C. § 1681c(a)(4).

31. At the time Capio mailed its letter to Plaintiff, the PVH debt had been delinquent for more than seven and one-half years.

32. At the time Capio mailed its letter to Plaintiff, it did not intend to report the PVH debt to any consumer reporting agency.

33. In the alternative, subsequent to sending its letter to Plaintiff, Capio reported or attempted to report the PVH debt to one or more consumer reporting agency.

34. Capio's actions set forth herein were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.

35. In the alternative, Defendant's actions were negligent.

## VI. Causes of Action

### a. Fair Debt Collection Practices Act

36. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

37. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), and 1692g.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Statutory damages of $1,000 for each Defendant pursuant to FDCPA § 1692k;

b) Actual damages in amount to be determined at trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

/ / /

/ / /

1

2          DATED    November 10, 2010   .

3

4                               s/ Floyd W. Bybee
                                Floyd W. Bybee, #012651
5                               **BYBEE LAW CENTER, PLC**
                                2473 S. Higley Road
6                               Suite 104-308
                                Gilbert, AZ 85295-3023
7                               Office: (480) 756-8822
                                Fax: (480) 302-4186
8                               floyd@bybeelaw.com

9                               Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 8 -